# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| TAMPIA MUSENGENI, | |
| Petitioner, | CIVIL ACTION NO.: 5:18-cv-1 |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, | |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tampia Musengeni ("Musengeni"), an inmate at the Broward Transitional Center in Pompano Beach, Florida, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Musengeni's claims, as required by Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons which follow, the Court **DENIES** Musengeni's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For these same reasons, I **RECOMMEND** that the Court **DISMISS** Musengeni's Petition and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal to **CLOSE** this . I also **RECOMMEND** the Court **DENY** Musengeni *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Musengeni states that he is currently detained at Broward Transitional Center on state charges and an immigration detainer. (Doc. 1, p. 1.) However, he provides no other information whatsoever. (Id. at pp. 1–9.) He does not state any grounds challenging his

---

[1] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

detention or any relief that he seeks for the Court to impose. (Id. at pp. 6–9.) Though the form Musengeni used to file his Petition requested this information, he left all pertinent questions blank. (Id.) Musengeni does not enlighten the Court as to his claims in any of his other pleadings.

## I. Standard of Review

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "fact pleading as opposed to notice pleading." Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must

2

support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

## II. Whether the Petition Consists of Sufficient Detail to Demonstrate that Musengeni is Entitled to Relief

As state above, Musengeni essentially left the form for filing a Section 2241 Petition entirely blank. Other than his place of detention, he does not provide any information whatsoever, much less "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In some instances, the Court will direct a habeas petitioner to amend his petition to more specifically state his claims. However, in this case, Musengeni is not incarcerated in this District. Where a Section 2241 petitioner challenges his present confinement, "jurisdiction lies" only in "the district of confinement," and the proper respondent is the warden of the facility where the petitioner is being held, not the United States or a supervisory official who exercises "legal control" over the petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 435, 439-40, 443 (2000). Here, Petitioner is no longer confined in this District but rather at the Broward Transitional Center in Pompano Beach, Florida, which lies in the Southern District of Florida. 28 U.S.C. § 89(c). Consequently, this Court has no jurisdiction over the instant petition.

Thus, for all of these reasons, it plainly appears that Musengeni is not entitled to relief in this District. Thus, the Court **DENIES** his Motion to Proceed *in Forma Pauperis*, and I **RECOMMEND** that the Court **DISMISS** Musengeni's Section 2241 Petition.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Musengeni leave to appeal *in forma pauperis*. Though Musengeni has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify

that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Musengeni's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Musengeni *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Musengeni's Motion to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Musengeni's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Musengeni *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Musengeni with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA